## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

KELLY S. COCHRAN,

      *Plaintiff,*

vs.

                                  Case No. 14-2491-EFM-KMH

SHRI AMBAJI CORPORATION,

      *Defendant.*

## MEMORANDUM AND ORDER

Plaintiff Kelly Cochran seeks relief under Title VII of the Civil Rights Act against her former employer, Defendant Shri Ambaji Corporation, for discriminatory and retaliatory employment practices. This matter is before the Court on Cochran's Motion for Default Judgment and Request for Hearing on Damages (Doc. 9) and Shri Ambaji Corp.'s Motion to Set Aside Default Judgment and File Answer Out of Time (Doc. 16). For the reasons stated below, the Court conditionally denies Cochran's motion and conditionally grants Defendant's motion, provided that Defendant compensates Cochran for certain expenses.

## I.       Factual and Procedural Background[1]

This matter arises from an alleged incident of sexual harassment that occurred during Cochran's employment at Defendant's Magnuson Hotel in Sabetha, Kansas.     Defendant employed Cochran as a front desk clerk.   During Cochran's July 6, 2013 shift, a male coworker accosted Cochran in the hotel's secluded laundry room.   Over her repeated objections, the man verbally and physically harassed Cochran.   He seized her wrists, pulled her close, pleaded that she let him touch her breasts and crotch.   Cochran refused.   Nevertheless, the man groped her breasts and, before releasing her, ordered her to tell no one (including the man's wife, who also worked and, with the man, lived at the hotel).   That same day, Cochran disclosed the harassment to the manager on duty and, against the manager's advice, filed a police report.   The next day, Defendant suspended Plaintiff.   Several days later, Cochran filed a complaint with the Kansas Human Rights Commission.   One month later, Defendant fired Cochran.   Cochran alleges that, because of her gender, Defendant took no effective action to prevent the harassment or discipline the harasser.   Cochran further alleges that Defendant suspended and ultimately fired her to retaliate against her for reporting the abuse.

On October 1, 2014, Cochran filed a complaint against Defendant in the United States District Court for the District of Kansas.   Cochran achieved service by certified mail on October 4, 2014.   Defendant failed to respond.   On November 20, 2014, Cochran filed an Application for Clerk's Entry of Default against Defendant.   The application was granted the same day.   Still,

---

[1] The background presented in this Order is taken from the only factual account properly filed with this Court, Plaintiff's Complaint (Doc. 1).   The Court does not present the factual background in this Order as established fact but, rather, as Plaintiff's allegations.

Defendant did not respond.  On December 9, 2014, Cochran filed a Motion for Default Judgment and Request for Hearing on Damages.  The Court scheduled the hearing for February 5, 2015.

Eight weeks later, on February 4, 2015 (the day immediately preceding the damages hearing), Defendant responded.  Counsel entered appearance on behalf of Defendant and also requested a continuance because Defendant's Secretary was in India.  The Court denied Defendant's motion and, as scheduled, held Cochran's damages hearing the following day.  Defendant's counsel, but no officer for Defendant, appeared at the hearing.  The Court received Cochran's evidence regarding damages so that the Court remained prepared to rule on Cochran's default judgment motion following its consideration of Defendant's anticipated motion to set aside default judgment.  Defendant filed and Cochran responded to such a motion one month later.

## II.     Analysis

"The decision to set aside an entry of default lies within the discretion of the trial court."[2] The court may set aside an entry of default for good cause.[3]  The good cause standard is fairly liberal, as "[t]he preferred disposition of any case is upon its merits and not by default judgment."[4]  In rendering its decision, the court must "balance the interests of the defendant in the adjudication of the case on the merits, against the interests of the public and the court in the orderly and timely administration of justice."[5]  The Tenth Circuit has explained that

---

[2] *Meissner v. BF Labs Inc.*, 2014 WL 590377, at *1 (D. Kan. Feb. 14, 2014) (citing *Ashby v. McKenna*, 331 F.3d 1148, 1152 (10th Cir. 2003)).

[3] Fed. R. Civ. P. 55(c).

[4] *Crutcher v. Coleman*, 205 F.R.D. 581, 584 (D. Kan. 2001) (quoting *Gomes v. Williams*, 420 F.2d 1364, 1366 (10th Cir. 1970)).

[5] *McCook v. Flex Fin. Holding Co.*, 2008 WL 1924129, at *2 (D. Kan. Apr. 29, 2008).

> [t]he default judgment must normally be viewed as available only when the adversary process has been halted because of an essentially unresponsive party. In that instance, the diligent party must be protected lest he be faced with interminable delay and continued uncertainty as to his rights.   The default judgment remedy serves as such a protection . . . . [A] workable system of justice requires that litigants not be free to appear at their pleasure.[6]

To determine whether to set aside the clerk's entry of default, a court may consider the following factors: "(1) whether the default was the result of culpable conduct of the defendant, (2) whether the plaintiff would be prejudiced if the default should be set aside, and (3) whether the defendant presented a meritorious defense."[7]   "A court need not consider all of the factors, and may consider other factors as well."[8]

## A.  Culpable Conduct

The Court first considers the defendant's culpability, if any, for the default.  Defaulting conduct is culpable if performed willfully or without excuse.[9]  "A defendant's knowledge of a lawsuit and his postservice actions play a role in measuring the willfulness of a defendant's default."[10]  A defendant that has "actual or constructive notice of a lawsuit, yet completely fails to answer or otherwise communicate with the Court," willfully disregards the court's authority.[11] Conduct is similarly culpable if taken "to stall the litigation or purposefully disregard[] the

---

[6] *In re Rains*, 946 F.2d 731, 732–33 (10th Cir. 1991) (quoting *Cessna Fin. Corp. v. Bielenberg Masonry Contracting, Inc.*, 715 F.2d 1442, 1444–45 (10th Cir. 1983)).

[7] *Kiewel v. Balabanov*, 2011 WL 1770084, at *2 (D. Kan. May 9, 2011) (citing *Hunt v. Ford Motor Co.*, 1995 WL 523646, at *3 (10th Cir. Aug. 29, 1995)).

[8] *Meissner*, 2014 WL 590377, at *1 (quoting *Guttman v. Silverberg*, 167 F. App'x 1, 4 (10th Cir. Dec. 19, 2005)).

[9] *Hunt*, 1995 WL 523646, at *3.

[10] *Olivas v. Brentwood Place Apartments, LLC*, 2010 WL 2952393, at *2 (D. Kan. July 26, 2010) (citing *Jenkins & Gilchrist v. Groia & Co.*, 542 F.3d 114, 123 (5th Cir. 2008)) (internal quotation marks omitted).

[11] *Id.*

authority of [the] court."[12]   If the court finds that a defendant's actions were willful or without excuse, it may refuse to set aside entry of default on that basis alone.[13]

Here, Defendant argues that its failure to participate in this litigation was not willful and must be excused because Defendant's Secretary, Ashish Patel, was unable to timely obtain counsel.  Patel insists that he received actual notice of the suit in late October.  Patel claims that he did not know how to respond to the case but immediately undertook substantial efforts to locate legal counsel.  Before learning of this action, however, Patel arranged a visit to India.  So, a month after receiving actual notice of this suit and without successfully obtaining counsel, Patel traveled to India.  Patel continued his search for counsel from India, but the time difference and other communication difficulties slowed the pace of his search.  Patel claims that no other corporate officer could assist his search because Defendant's other shareholder was already in India and money was short.  Patel also asserts that he ultimately contacted eight attorneys.  Seven either declined representation or quoted advance fee requirements that Defendant could not satisfy.  Sometime after the entry of default in late January 2015, however, present counsel agreed to represent Defendant.

Cochran responds that Patel's circumstances do not excuse Defendant's delinquency.  Cochran's most generous assessment indicates that Defendant could have petitioned the Court for more time to obtain counsel.  Cochran's most cynical assessment supposes that Defendant purposefully ignored the Court's notices and legal process for approximately four months.

---

[12] *Blue Moon Licensing, Inc. v. Gregorek*, 1995 WL 335416, at *2 (D. Kan. May 9, 1995).

[13] *Assessment Techs. Inst., LLC v. Am. Allied Healthcare LLC*, 2012 WL 426941, at *3 (D. Kan. Feb. 10, 2012) (citing *Hunt*, 1995 WL 523646, at *3).

The Court need not adopt Cochran's cynicism to agree that Patel's circumstances do not excuse Defendant's default.  Whether purposefully dilatory or thoughtlessly derelict, Patel failed to communicate with this Court for at least three months despite, by his own admission, having actual knowledge of this lawsuit.  The summons that Patel received clearly communicated the importance of a timely response.  Particularly, the summons warned that failure to respond will cause "judgment by default [to] be entered against you for the relief demanded in the complaint."[14]  Even accepting Patel's account of his circumstances and efforts, the Court simply does not think it reasonable that Patel either would decide against or would fail to consider contacting the Court for guidance.[15]  The Court thus considers Defendant's failure to respond without excuse and, accordingly, its conduct culpable.  This factor favors denying Defendant's request to set aside the clerk's entry of default.

## B.  Prejudice to Plaintiffs

The Court next considers the prejudice, if any, that will result from setting aside the clerk's entry of default.[16]  Prejudice exists if the defaulting party's actions or the occurrence of other events during the default period now impair or altogether thwart plaintiff's ability to litigate the case.[17]  Often, the default merely suspends, but does not upend, plaintiff's ability to

---

[14] Summons Returned Executed, Doc. 3, p. 1.

[15] The Court is also skeptical that during the course of Patel's discussions with numerous would-be counsel and the KBA Lawyer Referral Service that he never inquired how best to proceed nor received advice that he ought to contact the Court.

[16] While Defendant's willful conduct alone may be enough to deny its motion to set aside the entry of default, the Court will consider the other two factors.

[17] *Super Film of America, Inc. v. UCB Films, Inc.*, 2004 WL 2413497, at *2 (D. Kan. Sept. 23, 2004) (citing *Int'l Bhd. Of Elec. Workers, Local Union No. 313 v. Skaggs*, 130 F.R.D. 526, 529 (D. Del. 1990)).

litigate.  Delay is certainly a burden, and an extensive delay may be prejudicial.[18]  But delay alone typically is insufficient evidence of prejudice.[19]  To be prejudicial, plaintiff "must show that any delay has actually hindered its ability to litigate the case."[20]

Setting aside the clerk's entry of default will undoubtedly frustrate Cochran, especially given Defendant's near four-month delay in responding.  But Cochran gives the Court no basis to believe that Defendant's default has rendered her unable or even less able to litigate, as preferred, this case on its merits.  Cochran does not suggest, for example, that witnesses or evidence are no longer available.  Indeed, Cochran does not directly or indirectly address prejudice in her response.  And Defendant correctly suggests that comparable cases appropriately managed would not be much farther along.  Accordingly, this factor favors setting aside the clerk's entry of default.

## C.  Meritorious Defenses

The Court finally considers whether Defendant has presented a meritorious defense.  "The burden to show a meritorious defense is light."[21]  The Tenth Circuit has provided the following guidance:

> The parties do not litigate the truth of the claimed defense in the motion hearing.  Rather, the court examines the allegations contained in the moving papers to determine whether the movant's version of the factual circumstances surrounding the dispute, if true, would constitute a defense to the action.  For purposes of this

---

[18] *Cooper v. Regent Asset Mgmt. Solutions-Kan., LLC*, 2012 WL 3238139, at *2 (D. Kan. Aug. 7, 2012); *Olivas*, 2010 WL 2952393, at *3 (refusing to set aside entry of default, in part, because the time and expense involved in litigating an action that is over a year old would prejudice plaintiff).

[19] *See, e.g.*, *Meissner*, 2014 WL 590377, at *2 (vacating clerk's entry of default where little time had passed between filing of the case and entry of default); *Blue Moon Licensing, Inc.*, 1995 WL 335416, at *2 (setting aside default where defendant's miscalculation of answer deadline caused only slight delay that did not affect discovery).

[20] *Perez v. Dhanani*, 2015 WL 437769, at *4 (D. Kan. Feb. 3, 2015).

[21] *Kiewel*, 2011 WL 1770084, at *4 (quoting *Super Film of Am., Inc.*, 2004 WL 2413497, at *2).

part of the motion, the movant's version of the facts and circumstances supporting his defense will be deemed to be true.  Unlike the simple notice pleading required in original actions, the rule relating to relief from default judgments contemplates more than mere legal conclusions, general denials, or simple assertions that the movant has a meritorious defense.  The rule requires a sufficient elaboration of the facts to permit the trial court to judge whether the defense, if movant's version is believed, would be meritorious.[22]

Here, Defendant meets this light burden.  Defendant alleges various factual and legal arguments that, if believed, would deny Cochran relief under Title VII.  As an initial matter, Defendant contests that it employs enough individuals for Title VII to cover its conduct.[23]  Regarding Cochran's discrimination claim, Defendant argues that there is no direct evidence of discrimination.[24]  Defendant further claims that it is not directly responsible for its employee's independent tort because it lacked knowledge that the employee presented such a risk.[25]  Defendant also argues that it is not vicariously liable for creating a work environment hostile to women because the conduct was not sufficiently pervasive, especially considering Patel's immediate efforts to redress the abuse once discovered.[26]  Specifically, Patel claims that he immediately fired Cochran's harasser and arranged with the police to separate the harasser from Cochran.  Regarding Cochran's retaliation claim, Patel claims that he neither reduced Cochran's

---

[22] *In re Stone*, 588 F.2d 1316, 1319 (10th Cir. 1978) (citations omitted).

[23] *See* 42 U.S.C. § 2000e(b) (defining an "employer" under Title VII as one with fifteen or more employees).

[24] *See, e.g.*, *Berroth v. Farm Bureau Mut. Ins. Co.*, 232 F. Supp. 2d 1244, 1248 (10th Cir. 2002) (defining direct evidence of discrimination as statements on the part of defendant that show, without inference, a discriminatory motivation).

[25] *See, e.g.*, *Debord v. Mercy Health Syst. of Kan., Inc.*, 737 F.3d 642, 650 (10th Cir. 2013) (noting that an employer is directly liable for a hostile work environment created by an employee if the employer knew or should have known about the employee's conduct and failed to end it).

[26] *See, e.g.*, *id.* at 653; *Helm v. Kansas*, 656 F.3d 1277, 1288 (10th Cir. 2011) (explaining, like *Debord*, that an employer is not subject to vicarious liability for sexual harassment perpetrated by employee if employer exercised reasonable care to prevent and correct promptly any sexual harassment).

hours nor fired her; rather, he insists that Cochran voluntarily left employment.  Considering Defendant's allegations, the Court finds that this factor favors setting aside the clerk's entry of default.

As noted above, "the preferred disposition of any case is upon its merits and not by default judgment."[27]  While the Court must balance this preference against social goals, justice, and expediency, the facts here, as presented, do not weigh in favor of allowing Cochran to proceed with default judgment.  The Court finds this to be the case *despite* finding Defendant's conduct culpable.  As such, the Court conditionally denies Cochran's motion for default judgment and conditionally grants Defendant's motion to set aside the clerk's entry of default.  Under the circumstances presented, the Court also finds excusable neglect exists and intends to grant Defendant leave to file out of time its Answer.[28]  That said, the Court finds it appropriate to sanction Defendant for its nonfeasance and awards Cochran a total of $725.75 representing the costs (lost wages, $80; mileage, $120.75; and attorney's fees, $525) incurred for attendance at the February 5, 2015 damages hearing.[29]  Defendant must comply with this condition and file a certification of payment by May 21, 2015, at which time the Court will direct the clerk to set aside entry of default and grant Defendant 14 days to file its Answer.

---

[27] *Crutcher*, 205 F.R.D. at 584 (quoting *Gomes*, 420 F.2d at 1366).

[28] *See, e.g.*, *Jetcraft Corp. v. Banpais, S.A. De C.V.*, 166 F.R.D. 483, 485 (D. Kan. 1996) (citing *Panis v. Mission Hills Bank, N.A.*, 60 F.3d 1486, 1494 (10th Cir. 1995) (affirming district court's authority to grant leave to answer out of time under Fed. R. Civ. P. 6(b) where the defendant shows excusable neglect for failure to timely file)); *Blue Moon Licensing, Inc.*, 1995 WL 335416, at *3 (granting motion to file answer out of time after concluding that court should set aside default).

[29] *See AZ DNR, LLC v. Luxury Travel Brokers, Inc.*, 2014 WL 1356050, at *2 (D. Kan. Apr. 7, 2014) (citing *Dennis Garber & Assocs., Inc. v. Pack-Tech Int'l Corp.*, 115 F.3d 767, 775 n.6 (10th Cir. 1997)) (concluding that courts appropriately may condition setting aside entry of default on defendants' payment of fees and costs incurred by plaintiff).

**IT IS THEREFORE ORDERED** that Cochran's Motion for Default Judgment and Request For Hearing on Damages (Doc. 9) is **CONDITIONALLY DENIED.**

**IT IS FURTHER ORDERED** that Shri Ambaji Corp.'s Motion to Set Aside Default Judgment and File Answer Out of Time (Doc. 16) is **CONDITIONALLY GRANTED**, provided that on or before May 21, 2015, Shri Ambaji Corp. pay, as set forth above, the costs incurred by Cochran for attendance at the February 5, 2015 damages hearing and file a certification of that payment;

**IT IS FURTHER ORDERED** that upon receipt of the payment certification, the Court will direct the Clerk to set aside entry of default;

**IT IS FURTHER ORDERED** that Shri Ambaji Corp. must file its Answer to Cochran's Complaint within 14 days of the Clerk's removal of entry of default.

**IT IS SO ORDERED**.

Dated this 6th day of May, 2015.


ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE